**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Bernard Sernas, | No. CV-19-00730-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Cantrell, et al., | |
| Defendants. | |

Before the Court is a Motion for Reconsideration filed by Defendants Cotrell and Collars (collectively, "Defendants"). (Doc. 150). Defendants ask the Court to reconsider its denial of their Motion in Limine regarding Adam Sernas' ("Plaintiff") 2018 medical bills. (Docs. 130 & 145). Plaintiff has filed a Response opposing the Motion. (Doc. 152).

**I.     Legal Standard**

District courts have discretion to reconsider prior orders. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). However, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (circumstances justifying reconsideration are rare). Motions for reconsideration are ordinarily denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). They are generally "disfavored . . . and are not

the place for parties to make new arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); LRCiv 7.2(g)(1).

## II.  Discussion

On June 3, 2025, the Court denied Defendants' Motion in Limine seeking to preclude Plaintiff from presenting evidence or witnesses for medical bills incurred before his release from prison. (Docs. 130 & 145). In that same Motion, Defendants also argued that the collateral source rule prevented Plaintiff from pressing forward with his damages claim because the State, not a collateral source, was responsible for paying Plaintiff's medical expenses. (Doc. 130). The Court denied the Motion, finding that AHCCCS, a third-party government payor, paid Plaintiff's expenses, enabling Plaintiff to pursue damages against Defendants to satisfy the AHCCCS lien. Now, in their Motion for Reconsideration, Defendants say that ADCRR has paid in full for Plaintiff's 2018 medical bills, alleviating the need for Plaintiff to reimburse AHCCCS, because ADCRR has satisfied the lien placed by AHCCCS on Plaintiff's recovery. (Doc. 150 at 2). Because the lien is now discharged, Defendants argue that the collateral source rule no longer applies as "ADCRR is not a collateral source; is the tortfeasor." (*Id.* at 3). If the Court denies the Motion, Defendants argue that Plaintiff's theory of damages should be confined to the value of the lien, and not the total value of his medical bills. (*Id.* at 4). Defendants also ask for the opportunity to obtain experts to opine on the reasonableness of Plaintiff's medical bills. (*Id.* at 4–5). Should the Court not allow them to obtain experts, they ask that in the spirit of fairness, they be allowed to present payment of the lien by ADCRR. (*Id.* at 5).

### A. Defendants' Payment of the Lien

Defendants cite to their payment of the AHCCCS lien as enough reason for the Court to grant their Motion. Defendants present the Court with a legal quagmire that is entirely their own making. Had Defendants not paid the lien, there would be no basis for the Motion for Reconsideration. Having stated so, however, the Court believes that

ADCRR's September 25, 202,5 payment of the AHCCCS lien falls within the limited parameters for which a motion for reconsideration can be granted. In fact, a granting of such a motion is unjustified "[a]bsent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  The Court finds that ADCRR's payment of the AHCCCS lien is a new fact that justifies granting the Motion. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Because the lien was paid by the tortfeasor, ADCRR, and not a third-party collateral source, the payment of the lien, and the payment amount of $21,277.25 is excluded from being presented as evidence of Plaintiff's damages. *See Lopez v. Safeway Stores, Inc.*, 129 P.3d 487 (Ct. App. 2006); Restatement (Second) of Torts § 920(A)(1) (payments made by tortfeasors are credited against the tort liability).

### B. Entirety of Plaintiff's Medical Bills

To circumvent the Court's ruling that Plaintiff can present evidence of his 2018 medical bills, Defendants ask the Court to exclude the entirely of Plaintiff's medical bills and confine Plaintiff's recovery to only the amount of the lien.  (Doc. 150 at 4). This new legal argument cannot be used to support a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F .3d 877 (9th Cir.2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Defendants admit that "The Court's ruling at Doc. 145 was silent on the issue of whether Plaintiff could present the total value of the medical bills or the value of the lien."  (Doc. 150 at 4).  If the Court's Order was silent on this issue, as Defendants note, it is because it was not placed before it.  So, the Defendants should not bring it to the Court's attention on a Motion for Reconsideration, because a motion for reconsideration is not the proper avenue to raise a new legal argument for the first time. *Kona Enters.*, *Inc.*, 229 F.3d at 890. The Court will not confine Plaintiff's damages theory to the value of the lien at this time.

**C. Defendants' Request for Expert Rebuttal**

Defendants also request an expert to opine on the reasonableness of the medical bills incurred by Plaintiff. (Doc. 150 at 5). Again, the Court reiterates that only three things can be argued on a Motion for Reconsideration: (1) newly discovered evidence; (2) clear error or; (3) intervening change in law. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A request for a rebuttal expert does not fall into any of the listed categories. Not only that, but the time to make such a request in general, has passed. *See* F.R.C.P. 37(c)(1) (requiring that the failure to identify or provide information about a witness in a timely manner, exclude the witness, unless the failure is substantially justified or harmless). Therefore, the Court will not grant Defendants' request for a rebuttal expert on this Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration is **granted in part and denied in part.** It is **granted** to exclude mention of the amount in medical bills, $21,277.25, paid for by ADCRR on the AHCCCS lien, at least to show Plaintiff's entitlement to damages. It is **denied** as to the request to confine Plaintiff's damages solely to the amount of the lien and Defendants' request to obtain expert rebuttal witnesses for the issue of damages, is also **denied.**

Dated this 24th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge